IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. WALKER, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CITIBANK, N.A., as trustee for the Certificate holder of Structured Asset Mortgage Investments II, Inc., Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3, its assignees and/or successors, and the servicing agent; EMC Mortgage Corporation; BAYROCK MORTGAGE, INC., and DOES 1-20, inclusive, <br><br>　　　　Defendants. | 02:09-cv-03171-GEB-DAD <br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The November 16, 2009, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for March 15, 2010, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference.  The Order further required that a status report be filed regardless of whether a joint report could be procured.  No status report was filed as ordered.

　　　　Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on March 19, 2010, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for

1

failure to file a timely status report. The written response shall also state whether Plaintiff or his counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on April 12, 2010, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: March 10, 2010

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).