IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKIE L. WALKER,

               Plaintiff,

        v.

CITIBANK, N.A. as trustee for the
Certificate holder of Structured
Asset Mortgage Investments II Inc.,
Bear Sterns ALT-A Trust, Mortgage
Pass-Through Certificates Series
2007-3, its assignees and/or
successors, and the servicing
agent; EMC Mortgage Corporation;
BAYROCK MORTGAGE, INC.

               Defendants.

2:09-cv-03171-GEB-DAD

ORDER IMPOSING SANCTION, RULE
4(M) NOTICE, CONTINUING
STATUS CONFERENCE, AND
REQUIRING EXPLANATION WHY
CASE SHOULD NOT BE DISMISSED

        Plaintiff and his lawyer were issued an Order to Show Cause on March 11, 2010 ("March 11 OSC"), which required them to explain why sanctions should not be imposed because of Plaintiff's failure to file a timely status report. Because of this filing failure, the status conference was rescheduled to April 12, 2010, and Plaintiff was required to file a status report no later than fourteen days prior to the April 12 status conference.

        Plaintiff and his lawyer failed to respond to the March 11 OSC, and Plaintiff yet again failed to file a status report as required by the March 11 OSC. This second failure, combined with Plaintiff's failure to respond to the OSC, indicate Plaintiff is not interested in prosecuting this case, and that the risk of a monetary

1  or another sanction has no effect on encouraging Plaintiff to comply
2  with a court filing requirement.

3          "A scheduling order is not a frivolous piece of paper, idly
4  entered, which can be cavalierly disregarded by counsel without peril
5  . . . .  Disregard of the order would undermine the court's ability to
6  control its docket . . . and reward the indolent and the cavalier."
7  Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992)
8  (internal citation and quotations omitted); see also Ayers v. City of
9  Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of
10 lawyer for failure to attend a settlement conference because "**the date**
11 **'slipped by him'**") (emphasis added).  "The cogs of the wheel of
12 justice move much more smoothly when attorneys who practice in this
13 court follow the rules of practice and procedure . . . ." Dela Rosa
14 v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th
15 Cir. 1998).

16         Since Plaintiff's counsel failed to file a timely status
17 report and did not respond to the March 11 OSC, Plaintiff's attorney
18 Mitchell Luke Abdallah and/or Abdallah Law Group is sanctioned four
19 hundred dollars ($400.00).  This sanction shall be paid to the Clerk
20 of this Court no later than 4:30 p.m. on April 15, 2010, by a check
21 made payable to the "United States Treasury."  Proof of payment shall
22 be filed no later than 4:30 p.m. on April 16, 2010.  This sanction is
23 personal to counsel or his law firm and shall not be transmitted to
24 counsel's client.

25         Moreover, Plaintiff is **notified under Rule 4(m)** of the
26 Federal Rules of Civil Procedure **that any defendant not served with**
27 **process within the 120 day period prescribed in that Rule may be**
28 **dismissed as a defendant in this action unless Plaintiff provides**

**proof of service or "shows good cause for the failure" to serve the defendant within this prescribed period in a filing due no later than 4:00 p.m. on April 15, 2010.**  Further, the doe defendants are dismissed since Plaintiff failed to provide justification for doe defendants as required in the November 16, 2009, order scheduling the status conference.

Also, since the status of this case has not yet been determined, the status conference scheduled for April 12, 2010, is continued to May 10, 2010, at 9:00 a.m.  A joint status report shall be filed no later than fourteen days prior to the status conference.

Lastly, since it appears that Plaintiff is not interested in prosecuting this case, **Plaintiff shall explain in a filing due no later than 4:00 p.m. on April 15, 2010, why this case shall not be dismissed because of Plaintiff's failure to prosecute this case. If Plaintiff fails to provide a sufficient explanation, this case could be dismissed without further communication with Plaintiff.**

IT IS SO ORDERED.

Dated:  April 8, 2010

GARLAND E. BURRELL, JR.
United States District Judge

3