IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. WALKER, <br><br>        Plaintiff, <br><br>    v. <br><br>CITIBANK, N.A. as trustee for the Certificate holder of Structured Asset Mortgage Investments II Inc., Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3, its assignees and/or successors, and the servicing agent; EMC Mortgage Corporation; BAYROCK MORTGAGE, INC., <br><br>        Defendants. | 2:09-cv-03171-GEB-DAD <br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND REFERRING PLAINTIFF'S COUNSEL TO THE STATE BAR OF CALIFORNIA |

        This order dismisses this action because of Plaintiff's failure to prosecute this case which is evidenced by Plaintiff's refusal to comply with this court's orders, including an order requiring Plaintiff to explain why this action should not be dismissed for Plaintiff's failure to prosecute.

        Plaintiff filed his complaint in this action on November 13, 2009.  An order issued on November 16, 2009, setting a pretrial scheduling conference for March 15, 2010.  This order required that

the parties file a status report no later than fourteen days prior to the date of the scheduling conference.  Plaintiff, however, did not file a status report, and on March 11, 2010, the court ordered Plaintiff to show cause, no later than 4:00 p.m. on March 19, 2010, as to why sanctions should not be imposed for his failure to file a status report.  Plaintiff did not respond to the court's order to show cause, and another order issued on April 8, 2010, imposing a $400 sanction on Plaintiff's counsel that was to be paid no later than 4:30 p.m. on April 15, 2010.  The April 8 order also required that "Plaintiff explain in a filing due no later than 4:00 p.m. on April 15, 2010, why this case should not be dismissed because of Plaintiff's failure to prosecute."  The order also noted that "[i]f Plaintiff fail[ed] to provide a sufficient explanation, this case could be dismissed without further communication with Plaintiff."  To date, Plaintiff has not filed a response to the April 8 order nor paid the $400 sanction.

A "district court has the inherent power [to] sua sponte dismiss a case for lack of prosecution." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (citing Ash v. Cvetkov, 739 F.2d, 493, 496 (9th Cir. 1984)).  Dismissal, however, "is a harsh penalty" and a district court must "weigh several factors in determining whether to dismiss [a] case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Id. (citations omitted).

1    In this case, the first and second factors weigh in favor of
2 dismissal because Plaintiff's non-compliance and failure to respond
3 has impaired the public's interest in expeditious resolution of
4 litigation and undermined the court's ability to manage its docket.
5 See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)
6 ("the public's interest in expeditious resolution of litigation always
7 favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir.
8 2002) (stating that "[i]t is incumbent upon the Court to manage its
9 docket without being subject to routine noncompliance of litigants").
10    The third factor, the risk of prejudice to the defendants,
11 considers the strength of the plaintiff's excuse for non-compliance.
12 See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of
13 prejudice [is related] to the plaintiff's reason for defaulting").
14 Since Plaintiff has provided no excuse for his non-compliance, this
15 third factor favors dismissal.
16    The fifth factor also weighs in favor of dismissal since the
17 court considered, and initially imposed, less drastic sanctions. See
18 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a
19 district court's warning to a party that his failure to obey the
20 court's order will result in dismissal can satisfy the 'consideration
21 of alternatives' requirement").  When Plaintiff failed to file a
22 status report, the court first issued an order to show cause,
23 requiring Plaintiff to explain his failure to file a status report.
24 After Plaintiff did not respond to the order to show cause,
25 Plaintiff's counsel was sanctioned and ordered to file an explanation
26 as to why Plaintiff's case should not be dismissed for failure to
27 prosecute.  Plaintiff was warned that if he did not file an adequate
28 response, his case could be dismissed without further communication.

1  The court considered dismissal only after Plaintiff again refused to
2  respond and an explicit warning was provided.
3         Only the fourth factor, the public policy favoring
4  disposition of cases on their merits, weighs against dismissal of
5  Plaintiff's case.  Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir.
6  2002)("[p]ublic policy favors disposition of cases on the merits").
7  Therefore, on the balance, these five factors strongly favor dismissal
8  of this case.
9         Accordingly, this action is dismissed because of Plaintiff's
10 failure to prosecute the action and this case shall be closed.
11 Further, Plaintiff's counsel's blatant disregard of the court's orders
12 in this case may warrant further investigation by the State Bar of
13 California.  Therefore, the Clerk of the Court shall mail a copy of
14 this order, the complaint filed in this action (Docket No. 1), the
15 court's March 11, 2010 order (Docket No. 6), and the April 8, 2010
16 order (Docket No. 7.) to the State Bar of California to alert the Bar
17 of Plaintiff's counsel's misconduct.  Plaintiff's counsel's name,
18 state bar number, address and telephone number can be found on the
19 complaint.  The above referenced orders and the complaint shall be
20 mailed to: The State Bar of California Office of Intake, 1149 S. Hill
21 Street, Los Angeles, California 90015.

Dated:  April 30, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge