IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICKIE L. WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITIBANK, N.A., as trustee for the Certificate holder of Structured Asset Mortgage Investments II Inc., Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3, its assignees and/or successors, and the servicing agent; EMC Mortgage Corporation; BAYROCK MORTGAGE, INC and Does 1-20, inclusive,<br><br>        Defendants. | ))))))))))))))))) | 2:09-cv-03171-GEB-DAD<br><br>ORDER TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE HELD IN CONTEMPT OF COURT FOR HIS FAILURE TO COMPLY WITH THIS COURT'S APRIL 8, 2010 ORDER |

        Plaintiff's counsel is hereby notified that at the hearing currently scheduled for June 21, 2010 at 9:00 a.m., Plaintiff's counsel shall show cause as to why he should not be held in contempt of court for his failure to pay the $400 sanction he was ordered to pay on April 15, 2010, no later than 4:30 p.m.  The April 8, 2010 order imposing this sanction prescribed that "[p]roof of payment [of the sanction] shall be filed no later than 4:30 p.m. on April 16, 2010."  Plaintiff's counsel has not filed proof of payment, and therefore, remains in violation of the Court's April 8 Order.

As counsel should be aware, "[t]he failure to pay a sanction may constitute a willful violation of a court order." Leads Club, Inc. v. Peterson, No. 05cv171-J (JMA), 2008 WL 186504, at *3 (S.D. Cal. Jan. 22, 2008) (citations omitted). "A clear violation of a court's order to pay sanctions may properly result in a contempt citation." Id. (citing Adriana Intern. Corp. v. Theoren, 913 F.2d 1406, 1417 (9th Cir. 1990) (upholding contempt sanction imposed on attorney for failure to pay sanctions); see also Jones v. J.C. Penney's Dept. Stores, Inc., 228 F.R.D. 190, 198 n.14 (W.D.N.Y. May 31, 2005) (noting that "[v]iolations of a Rule 16(b) order are punishable by civil contempt") (citing Fed. R. Civ. P. 16(f)). If "a party [is] . . . found in contempt[,] a court may issue a number of civil contempt sanctions, including a per diem fine, compensatory fine, and coercive confinement." United States v. Khanh Tung Luong, No. 2:08-MC-00094 WBS KJM, 2009 WL 4282101, at *3 (E.D. Cal. Nov. 19, 2009) (citing United States v. Ayers, 166 F.3d 991, 995 (9th Cir. 1999) (upholding a district court's award of fines for contempt of an order enforcing IRS summons) & S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987) (holding that the district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until he produced specified documents)). A coercive civil contempt sanction, if appropriate, could be imposed during the hearing scheduled to commence at 9:00 a.m. on June 21, 2010.

Dated: June 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge