IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKIE L. WALKER,                    )<br>                                      )<br>          Plaintiff,                 )<br>                                      )<br>     v.                              )<br>                                      )<br>CITIBANK, N.A. as trustee for the    )<br>Certificate holder of Structured     )<br>Asset Mortgage Investments II Inc.,  )<br>Bear Sterns ALT-A Trust, Mortgage    )<br>Pass-Through Certificates Series     )<br>2007-3, its assignees and/or         )<br>successors, and the servicing        )<br>agent; EMC Mortgage Corporation;     )<br>BAYBROOK MORTGAGE, INC.,             )<br>                                      )<br>          Defendants.                )<br>_____) | 2:09-cv-03171-GEB-DAD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO VACATE JUDGMENT |

On May 13, 2010, Plaintiff filed a motion under Federal Rule of Civil Procedure 60(b)(1) ("Rule 60(b)(1)"), in which Plaintiff requests that the judgment entered on May 3, 2010 be vacated, and that the Court "set[] aside" the referral of his attorney to the California State Bar. (Appl. for Mot. to Vacate J. 1:25.)  Plaintiff also filed a status report in connection with his motion.[1]  Plaintiff's case was dismissed for failure to prosecute in an order filed on May 3, 2010 and judgment was entered.  The May 3 order also referred Plaintiff's

---

[1]  Plaintiff states in the status report that all defendants have been served.  However, Plaintiff failed to file proof of service as ordered, and stated at the hearing on his motion that he did not know whether any defendants have actually been served.  No opposition was filed in response to Plaintiff's motion.

1

counsel to the California State Bar because of his failure to respond to orders threatening to dismiss his client's case.

At the June 21, 2010 hearing on Plaintiff's motion, the Court explained to Plaintiff's counsel that he was referred to the California State Bar because his failure to respond to the Court's orders suggested that Plaintiff's counsel had either filed a lawsuit he knew he should not have filed or he had abandoned his client after filing the complaint.  The Court further explained to Plaintiff's counsel that prior to issuing the May 3 order, the Court spoke with a State Bar representative to ascertain whether the Bar would be interested in further investigating conduct of the type exhibited by Plaintiff's counsel, and the referral was made after the representative said yes.

Further, at the June 21 hearing, Plaintiff's counsel was asked whether he was representing himself or his client, Rickie Walker.  Plaintiff's counsel responded he was representing himself and that his client desired to have this action dismissed.  This line of questioning was prompted by Plaintiff Walker's declaration, in which he avers that he no longer seeks to pursue this federal case in light of his January 2010 bankruptcy petition.  Plaintiff's counsel indicated that he filed the motion to vacate judgment, at least in part, to reverse the Court's referral of his conduct to the California State Bar.

## I.  BACKGROUND

Plaintiff's complaint was filed on November 13, 2009.  Three days later, on November 16, 2009, an order was filed setting the pretrial scheduling conference for March 15, 2010.  This order notified Plaintiff that "a Joint Status Report" was to be filed with

the Court "not later than fourteen (14) days prior to the scheduling conference." (Order Setting Status (Pretrial Scheduling) Conference Nov. 16, 2009 ¶ 6.) The November 16 order also alerted Plaintiff that "failure to file a Joint Status Report . . . may result in the imposition of sanctions." (Id. ¶ 8.) Plaintiff, however, did not file a timely status report.

On March 11, 2010, an order to show cause ("OSC") was filed, which required Plaintiff to explain "in a writing to be filed no later than 4:00 p.m. on March 19, 2010, why sanctions should not be imposed . . . for [his] failure to file a timely status report." (OSC Mar. 11, 2010 1:25-2:1.) Plaintiff did not file a response to the OSC.

The Court then issued an order on April 8, 2010, imposing a $400 sanction on Plaintiff's counsel that was to be paid no later than 4:30 p.m. on April 15, 2010. The April 8 order also required that "Plaintiff explain in a filing due no later than 4:00 p.m. on April 15, 2010[,] why this case should not be dismissed because of Plaintiff's failure to prosecute." (Order Imposing Sanctions Apr. 8, 2010 3:12-14.) The April 8 order also noted that "[i]f Plaintiff fails to provide a sufficient explanation, [his] case could be dismissed without further communication . . . ." (Id. 3:14-16.) Plaintiff was also notified through the April 8 order that "any defendant not served with process within the 120 day period prescribed in [Federal Rule of Civil Procedure 4(m)] may be dismissed as a defendant . . . unless Plaintiff provides proof of service or 'shows good cause for the failure' to serve . . . in a filing due no later than 4:00 p.m. on April 15, 2010." (Id. 2:25-3:3.)

Plaintiff's counsel did not pay the $400 sanction by the April 15 deadline nor did he file an explanation stating why his case

3

should not be dismissed or show good cause for his failure to serve defendants within the 120 day period prescribed by Rule 4(m). Therefore, in an order filed on May 3, 2010, the Court dismissed Plaintiff's case for failure to prosecute.[2]  The May 3 order also directed the Clerk of the Court to mail a copy of Plaintiff's complaint, as well as the orders filed on March 11, April 8 and May 3, to the State Bar of California, noting that "Plaintiff's counsel's blatant disregard of the court's orders in this case may warrant further investigation by the State Bar of California."  (Order Dismissing Case for Failure to Prosecute May 3, 2010 4:11-13.)

Plaintiff filed his now pending Rule 60(b)(1) motion on May 13, 2010.  Prior to the June 21 hearing on Plaintiff's motion, on June 18, 2010, an OSC issued in which Plaintiff's counsel was required to show cause at the June 21 hearing "why he should not be held in contempt of court for his failure to pay the $400 sanction he was ordered to pay on April 15, 2010 . . . ."  This OSC issued because Plaintiff's counsel had presented no justification for his failure to pay a $400 sanction. See Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **the date 'slipped by him.'**) (emphasis added).  Later that same day, Plaintiff's counsel paid the $400.

## II.   DISCUSSION

Plaintiff argues he is entitled to vacate the judgment entered under Rule 60(b)(1) "on the grounds that due to the mistake

---

[2] This case could have alternatively been dismissed under Rule 4(m) because of Plaintiff's failure to respond to the notice issued under Rule 4(m).

4

and inadvertence[] of Plaintiff's attorney . . . Plaintiff's case was dismissed and sanctions were imposed as well as referral [of Plaintiff's counsel] to the California State Bar . . . ." (Mem. P. & A. 2:5-7.) Plaintiff seeks "an order setting aside the Judgement entered against him and [the] referral of his attorney . . . to the California State Bar and [further seeks permission] . . . to file a status statement . . . ." (Id. 2:1-3.) However, as exhibited by Plaintiff's declaration, the filed status report and Plaintiff's counsel's comments at the June 21 hearing, Plaintiff intends to voluntarily dismiss his case should this motion be granted.

Rule 60(b)(1) provides in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . ." However, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (9th Cir. 1992)); Timbisha Shoshone Tribe v. Kennedy, --- F.R.D. -  ---, 2010 WL 1407764, at *3 (E.D. Cal. Apr. 7, 2010) (stating "Rule 60(b)(1)'s reference to inadvertence or excusable neglect does not authorize relief from the consequences of negligence or carelessness") (quotations and citation omitted)); see also Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn, 139 F.3d 664, 666 (9th Cir. 1997) (stating that "attorney error is insufficient grounds for relief under both Rule 60(b)(1) and (6)"). "Rather, [Rule 60(b)(1)] requires some justification for an error beyond a mere failure to exercise due

care." Timbisha, 2010 WL 1407764, at *3 (quoting Lomas & Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir. 1989)).

Plaintiff contends his Rule 60(b)(1) motion should be granted since his "attorney inadvertently missed court ordered responses and appearances due to technical notice failures." (Mem. P. & A. 3:4-7.) Specifically, Plaintiff argues "the electronic emails that [Plaintiff's counsel's] office counted on for notice [of the Court's orders] were not being forwarded to him or other staff members." (Id. 3:27-4:1.) Plaintiff's counsel declares this technical failure was due to a change in his law firm's policy concerning who was to receive electronic notification of court filings as well as an interruption in internet and telephone service during his law firm's move to new offices in March 2010.

Plaintiff's counsel explains these issues, declaring that when he "was admitted to practice before the Eastern Federal District Court [on] June 14, 2004, . . . [he] set up all court related electronic correspondence to go to [his] computer." (Abdallah Decl. ¶ 2.) Plaintiff's counsel further declares that "since early 2009 . . . only [his] staff retrieve[s] and provide[s] [him] with all Pacer documents" and somehow "[u]nknown to [his staff or him] . . . any Pacer related documents coming in from the Eastern District Court were not being reviewed because they were only emailed directly to [Plaintiff's counsel's] computer." (Id. ¶ 4.) Plaintiff's counsel declares that "[i]t was only by chance that he opened an email on May 3, 2010 wherein [the] court had sanctioned him . . . ." (Id.) Plaintiff's counsel also declares that due to an office move, his "law firm did not have telephones, internet or access to [their] server from March 8, 2010 until March 23, 2010 . . . ." (Id. ¶ 7.)

6

Plaintiff's evidence, however, does not demonstrate that Plaintiff is entitled to relief under Rule 60(b)(1). "A claim that notice [of a court's order] was not received is insufficient" to demonstrate mistake, inadvertence or excusable neglect under Rule 60(b)(1). Gibson-Michaels v. Bair, 255 F.R.D. 306, 307 (D.D.C. 2009) (citing Fox v. Am. Airlines, Inc., 389 F.3d 1291, 1294 (D.C. Cir. 2004)). "Regardless [of] whether [Plaintiff's counsel] received . . . e-mail notice [of the Court's orders], he remained obligated to monitor the court's docket." Fox, 389 F.3d at 1294 (citing United States ex rel. McAllan v. City of New York, 248 F.3d 48, 52 (2d Cir. 2001) for the proposition that "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders . . . ."); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) (stating that "a litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit") (citing Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam)).

Further, it is clear that during March 2010 "[Plaintiff's] counsel was aware that he was experiencing e-mail [and internet] difficulties . . . [and at that time,] he should have regularly accessed the court's docket to monitor case activity, notified the court and opposing counsel of his computer problems, or found another way to stay informed regarding any developments in the case - particularly since . . . [he knew he agreed to receive service through] electronic filing." Robinson v. Wix Filtration Corp., 599 F.3d 403, 413 (4th Cir. 2010) (citations omitted). There is no indication that Plaintiff's counsel attempted to access the Court's docket even when he was aware he was having internet problems or that

7

he took any steps to inform the Court of these problems.  Further, Plaintiff's counsel's e-mail and internet issues do not account for why Plaintiff's counsel failed to file a status report or serve defendants within 120 days of filing his complaint.  "Thus, the cause for the entry of judgment was [Plaintiff's] counsel's carelessness, not his alleged e-mail [and internet] difficulties . . . ." Robinson, 599 F.3d at 413 (finding that attorney's email difficulties did not warrant relief under Rule 60(b)(1)).  "Imperfect technology may make a better scapegoat than the family dog in today's world, but not so here.  [C]ounsel's effort at explanation, even taken at face value, is plainly unacceptable." Fox, 389 F.3d at 1294.

        Lastly, Plaintiff's declaration demonstrates that Plaintiff sought to abandon his claims in this case in January 2010.  Specifically, Plaintiff declares that "[o]n or about January 15, 2010, . . . [he] notified [his counsel] that [he] no longer wished to proceed with this case and instead would like to proceed with a Chapter 11[] Bankruptcy [filing,] [and] [a]ccordingly, [he] instructed [his counsel,] . . . to stop working on this matter and to begin preparing [a] bankruptcy case."  (Walker Decl. ¶¶ 3-4.)  Plaintiff further declares that a "Chapter 11 bankruptcy proceeding was initiated on his behalf by [his counsel] . . . on January 25, 2010," and as a result he has "no interest in continuing to prosecute this matter."  (Id. ¶¶ 5-6.)  The submitted status report confirms that were Plaintiff's motion granted, "Plaintiff [would] . . . file a motion . . . to dismiss th[is] action because he has recently filed [for] bankruptcy . . . ."  (Status Report 5:13-16.)

        Plaintiff's averments and Plaintiff's counsel's statements at the June 21 hearing indicate that the pending Rule 60(b)(1) motion

is merely an attempt by Plaintiff's counsel to have the Court vacate its referral of his conduct to the California State Bar. However, "Rule 60(b) . . . makes no provision for a motion . . . to be brought by a party's counsel." <u>In re El Paso Refinery, LP</u>, 37 F.3d 230, 234 (5th Cir. 1994) (holding "that the phrase 'legal representative' as used in Rule 60(b) does not include counsel within the context of the attorney-client relationship"). Plaintiff's counsel, therefore, has not shown that he has standing to seek relief for himself under Rule 60(b)(1).

Therefore, Plaintiff's motion to vacate the entry of judgment and set aside the referral of his counsel to the California State Bar is DENIED.

Dated:   June 28, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge